COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Bumgardner and Clements
Argued at Salem, Virginia


WILLIAM LEE HURLEY

MEMORANDUM OPINION* BY
v.        Record No. 1332-03-3          JUDGE ROSEMARIE ANNUNZIATA
JUNE 1, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Robert W. Williams, Jr. (Office of the Public Defender, on brief), for
appellant.

Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


William Lee Hurley appeals his conviction for stalking in violation of Code § 18.2-60.3.

He contends that the Commonwealth's evidence was insufficient as a matter of law to prove that

he committed the crime charged. We affirm because Hurley failed to preserve his argument for

appeal.

I.  Background

Because we do not reach the merits of Hurley's appeal, we recite only those facts

pertinent to our conclusion that he failed to preserve his sufficiency argument for appeal.

Subsequent to his conviction, Hurley submitted a written statement of facts to the trial

judge pursuant to Rule 5A:8. The statement of facts reads, in pertinent part:

> The Defendant plead [sic] not guilty and requested a bench trial.
> The Commonwealth presented its case-in-chief. The Defendant
> made a Motion to Strike, after the close of the Commonwealth's

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence, which was overruled. The Defendant presented its case-in-chief, followed by a Renewed Motion to Strike which was also overruled by the trial court. After all evidence was presented the defense argued reasonable doubt. The trial court found the Defendant guilty.

The statement of facts was submitted "by agreement of counsel" and certified by the trial judge.

## II. Analysis

On appeal, Hurley contends that the Commonwealth's evidence was insufficient. Specifically, he argues that the Commonwealth failed to prove "the three elements" of stalking.[1] Hurley points to the paragraph from the statement of facts cited above as evidence that his argument was preserved. We disagree.

A ruling of a trial court is not a basis for reversal unless an objection is stated "together with the grounds therefor at the time of the ruling." Rule 5A:18. An appeal based on a claim that the evidence was not sufficient to sustain a conviction is barred under this rule if not raised at trial. See Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978). Our review of sufficiency questions is limited to those specifically raised at trial. Clarke v. Commonwealth, 32 Va. App. 286, 304, 527 S.E.2d 484, 493 (2000) (citing George v. Commonwealth, 242 Va. 264, 281 n.4, 411 S.E.2d 12, 22 n.4 (1991)). "A general objection to the sufficiency of the evidence should state with some specificity the grounds of the objection." Floyd, 219 Va. at 584, 249 S.E.2d at 176. Such rules ensure that the trial court has an opportunity to consider the arguments before it, and, if necessary, to correct error and avoid unnecessary appeals. See Copeland v. Commonwealth, 42 Va. App. 424, 441, 592 S.E.2d 391, 399 (2004).

---

[1] Hurley argues that the Commonwealth failed to prove that: (1) he engaged in conduct toward the victim on more than one occasion; (2) he caused the victim to experience reasonable fear of death or bodily injury; and (3) he intended to cause the victim fear or knew such fear would result from his conduct.

Here, the statement of facts reveals that Hurley's objection to the Commonwealth's evidence was unsupported by factual argument or theory.[2] Hurley made two motions to strike the Commonwealth's evidence, but he failed to state with specificity the grounds upon which he claimed the Commonwealth's evidence was insufficient. Although we have held that a motion to strike can be construed as preserving a sufficiency issue, that issue must have been specifically raised and considered by the trial judge. See Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995). Because Hurley failed to present his argument on appeal to the trial judge, the trial judge was not afforded the opportunity to consider Hurley's argument that the Commonwealth failed to prove the "three elements" of stalking. Rule 5A:18 therefore bars our consideration of the merits.

For the foregoing reasons, we affirm Hurley's conviction.

Affirmed.

---

[2] It is Hurley's responsibility to provide this Court with a sufficient record on appeal so that we may determine whether the trial court erred. Wansley v. Commonwealth, 205 Va. 419, 422-23, 137 S.E.2d 870, 872-73 (1964). Here, the statement of facts, the only document describing the proceedings below and the only document to which Hurley points as evidence that he preserved his appeal, does not reveal that the trial court considered the arguments he now presents to this Court. The record provided by Hurley permits no other conclusion.